[Civ. No. 8512.   Second Appellate District, Division One.—August 6, 1936.]

DENNIS J. RING, Appellant, v. CALIFORNIA MORT-
GAGE CO. (a Corporation), Respondent.

Dennis J. Ring, *in pro. per.* (*ante mortem*), for Appellant.

Farrand & Slossen for Respondent.

DORAN, J.—This is an action for damages wherein it is alleged that plaintiff Dennis J. Ring, now deceased, hereinafter referred to as appellant, suffered damage in the sum of $2,500, by reason of defendant's failure to perform a certain agreement for the sale of a promissory note and deed of trust.   Defendant obtained judgment and plaintiff appeals.

The facts briefly are as follows: About December 1, 1924, appellant visited the office of respondent to purchase securities as an investment, as a result of which the parties later

negotiated for the sale and purchase of the note and trust deed referred to herein. Negotiations continued until the parties respectively signed and delivered to the bank what are designated "escrow instructions". Differences then arose and the transaction was never consummated. About four years later, to wit, December 17, 1928, appellant filed the action herein for damages. The case was not brought to trial until February 5, 1932, and appellant's closing brief on appeal was filed January 24, 1936.

■ Appellant specifies eleven questions for consideration, the first one of which is, whether the escrow instructions constituted a contract. It is contended by respondent that the negotiations, including the escrow instructions, never reached a point where they constituted an agreement as a matter of law, binding on either party. On this question, as well as on other questions raised at the trial, the court found in favor of defendant and respondent. The findings are abundantly supported by the evidence. As was declared by the Supreme Court of this state: "A contract of sale may well consist of a proposal on the part of the seller embodied in a letter signed by him alone, and an acceptance thereof on the part of the buyer embodied in another letter signed by him alone. Such is the common practice in everyday affairs." (*Tuso* v. *Green,* 194 Cal. 574 [229 Pac. 327].) Escrow instructions are nothing more nor less than a proposal and an acceptance, and, as was further declared in *Tuso* v. *Green, supra,* "When the minds of the parties meet, that is to say, when the respective writings match one another as to subject matter, terms and conditions, a contract comes into existence between the parties."

In the case at bar, after the preliminary escrow instructions were filed by the parties with the escrow clerk, appellant apparently became concerned about certain building restrictions against the lot covered by the deed of trust which secured the note, and instructed the escrow holder to hold all moneys deposited in the escrow until further order from appellant. Appellant also objected to the form of the endorsement or assignment offered by respondent, and as well required a policy of title insurance to which no reference was made in the original offer of respondent. Thereafter respondent instructed the escrow clerk to return to respondent all papers theretofore deposited in the escrow. It is appar-

ent from the record that the parties did not reach an agreement, and the trial court's finding on this question is valid.

That point being decisive, the other ten questions presented by appellant are unimportant.

The judgment appealed from is affirmed.

Houser, P. J., and York, J., concurred.